IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **ALANI HENNEMAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 3:24-1** |
| | : | |
| **SHERYL JOHNSON** | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**November 8, 2024**

　　　We today review a family estate dispute filed by a niece earlier this year seeking to have her aunt reimburse her for taking care of the aunt's elderly mother (the niece's grandmother) in her local condominium several years ago. The case arises entirely under local law. The aunt and niece began disputing the same facts and legal claims in the courthouse next door in 2019. We must abstain under governing law. We dismiss the case as the niece seeks and can recover the same relief in her long-pending ongoing local case.

　　　A St. Thomas grandmother retained a local lawyer in 2001 to prepare a trust holding the grandmother's two neighboring condominiums. The lawyer drafted the trust so the grandmother would serve as trustee during her life and her oldest daughter would become the successor trustee when the grandmother passed. The owner's granddaughter, and a niece of the oldest daughter, moved into one of the two condos and cared for the grandmother until she passed in early 2019. The granddaughter then hired the same local lawyer who prepared the grandmother's trust to sue the successor trustee (her aunt, the grandmother's oldest daughter) in her trustee capacity in a local court claiming her aunt breached promises and committed fraud. The Virgin Islands Superior Court disqualified the local lawyer who drafted her grandmother's trust from acting as the granddaughter's counsel. The local lawyer's appeal is still pending with argument this month.

The granddaughter's lawyer later moved to amend the complaint in local court to sue the trustee/aunt in her individual capacity with the exact same common law theories. The Virgin Islands Superior Court denied the motion to amend on the basis the disqualified lawyer could not represent the granddaughter but without prejudice to another non-conflicted lawyer moving to amend to sue the trustee/aunt in her individual capacity. Undeterred by the disqualification order, the granddaughter's disqualified lawyer then filed the proposed amended complaint with the same common law theories in this Court in January 2024 while continuing to appeal the local court order disqualifying the lawyer from doing exactly what he continues to do.

The trustee/aunt moved to dismiss this second duplicative case for not pleading a contract claim and arguing the tort claims are time-barred. The trustee/aunt referred to the long filed local case, which is stayed while the disqualified lawyer appeals his disqualification. The Chief Judge reassigned the case to our docket last month. We ordered the granddaughter and her disqualified lawyer to show cause as to why we should not abstain, consistent with long standing Supreme Court guidance, from deciding the same claims and facts already well underway in another court. The granddaughter, through her disqualified lawyer, admits she brings the same claims on the same facts here but distinguishes this case because she is suing the trustee/aunt in her individual capacity here and could not do so in state court. This is a blatant misrepresentation from a disqualified lawyer who ignores the local order denying leave to amend only because the court disqualified the lawyer seeking the relief. Another lawyer can move to amend or the disqualified lawyer can again move to amend if his appeal is successful.

We carefully applied the Supreme Court's abstention factors. The abstention factors along with common sense overwhelmingly support our abstention. Only the disqualified lawyer benefits from his tactic as his client granddaughter has been waiting since 2019 for an answer to her

2

reimbursement claim. He asks us to address the same issues for the same client based on the same Virgin Islands common law theories presently before the Virgin Island courts and through which the granddaughter is afforded every remedy she seeks here. The granddaughter's disqualified lawyer brought her case here simply because he disagreed with the local court's disqualification order now on appeal and necessarily staying the granddaughter's day in court.

We cannot countenance this duplicative tactic. The granddaughter is afforded every remedy in local court in St. Thomas and there is no reason to stay anything here. We dismiss the granddaughter's case.

I. **Nearly identical allegations before both local and federal court.**

The late Elsa D. O'Bryan owned a two-unit condominium property in St. Thomas.[1] She hired local lawyer Joseph Caines, Esquire to prepare a revocable living trust in 2001 which would hold the condominiums.[2] She served as the sole trustee of the revocable living trust during her lifetime.[3] Mrs. O'Bryan (through the trust prepared by Attorney Caines) named her eldest daughter Sheryl Johnson as the successor trustee upon her passing and as a beneficiary.[4]

Trustee Johnson asked her niece Alani Henneman (and Mrs. O'Bryan's granddaughter) to move in with Mrs. O'Bryan to provide full-time care.[5] Ms. Henneman agreed to leave her current condominium and live in the "B" half of her grandmother's property in August 2014.[6] Mrs. O'Bryan would continue to live in the "A" half.[7] Granddaughter Henneman alleges her aunt, Trustee Johnson, agreed she would continue to live in the "B" half *after* her grandmother passed in exchange for moving in and providing care.[8] Granddaughter Henneman took responsibility for Mrs. O'Bryan's care but Trustee Johnson retained control of Mrs. O'Bryan's finances.[9]

Granddaughter Henneman discovered the "B" half of the trust's property had multiple defects making it unlivable.[10] Granddaughter Henneman and Trustee Johnson agreed the "B" half

3

of the property needed renovations.[11] Trustee Johnson allegedly agreed to reimburse Granddaughter Henneman for the renovation costs.[12] Granddaughter Henneman began renovating in August 2014 with her own funds.[13] Ms. Henneman finished most of the work by November 2014 and moved in but continued to make improvements until September 2017.[14] Ms. Henneman spent over $100,000.[15] Mrs. O'Bryan and Trustee Johnson never reimbursed Ms. Henneman for the repairs and renovations.[16]

Hurricanes Irma and Maria damaged the properties and Ms. Henneman's personal property in September 2017.[17] Hurricane Irma "blew away" a shed full of Ms. Henneman's personal property.[18] Hurricane Irma also damaged a portion of the condominium where Ms. Henneman stored her personal property.[19] Ms. Henneman hired a contractor and purchased materials to fix the hurricane damage with Trustee Johnson's consent.[20]

Trustee Johnson requested Ms. Henneman handle the insurance claim after Hurricane Irma.[21] The insurance adjuster combined Ms. Henneman's personal property claim with the real property claim of her grandmother, Mrs. O'Bryan.[22] Ms. Henneman's personal property represented about $50,000 of the insurance claim.[23] Trustee Johnson retained all the insurance claim proceeds without giving Ms. Henneman her personal property share.[24]

Ms. Henneman cared for her grandmother Mrs. O'Bryan until her death on April 27, 2019.[25] Ms. Henneman's aunt and now-successor Trustee Johnson put both condominium properties up for sale at an unpled time apparently consistent with the trust drafted by Attorney Caines.[26]

### *Attorney Caines represents Ms. Henneman in suing Mrs. Johnson in local court since October 2019.*

Ms. Henneman hired someone with direct knowledge of the dispute, Attorney Caines, to sue Trustee Johnson—the trustee of the trust Attorney Caines created—in the Superior Court of

4

the Virgin Islands alleging breach of contract, conversion, fraud, negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment on October 16, 2019.[27] Trustee Johnson moved to dismiss the claims and to disqualify Ms. Henneman's lawyer on December 16, 2019.[28]

Attorney Caines moved to amend the complaint to sue Trustee Johnson in her individual capacity on December 21, 2021.[29] Attorney Caines swore "[t]he complaint did not specifically name [Mrs.] Johnson individually as a party."[30] "But Mrs. Johnson acting individually and not as the trustee of the trust engaged in the agreement with [Ms. Henneman]."[31] Attorney Caines also swore Ms. Henneman "filed a complaint with the intent of suing [Mrs.] Johnson individually and not as Trustee of the Elsa D. O'Bryan Revocable Trust" and Ms. Henneman "believed that the complaint was against Mrs. Johnson individually."[32] "A cause of action against the trust would mean that she would have to bring her mother into the fray."[33] "She has no intention of bringing a cause of action against her mother."[34]

Judge Tejo granted Trustee Johnson's motion to disqualify Attorney Caines on June 9, 2022.[35] Judge Tejo then denied Ms. Henneman's motion to amend her complaint to bring the claim against Ms. Johnson in her individual capacity because Attorney Caines' disqualification made his filing an amended complaint "inappropriate."[36] As the Order did not specify it denied the motion to amend with prejudice, Ms. Henneman could have (and still could) retained other counsel to move to amend.

Attorney Caines appealed his disqualification to the Supreme Court of the Virgin Islands on July 8, 2022.[37] The docket publicly available on the Supreme Court's website shows Chief Judge Hodge dismissed the appeal on March 29, 2023 because Attorney Caines failed to prosecute the appeal.[38] The clerk of court entered a final judgment on the same day.[39] Ms. Henneman moved to vacate the order on March 29, 2023.[40] Judge Tejo stayed Ms. Henneman's action in the Superior

5

Court of the Virgin Islands on August 16, 2024 pending Attorney Caines' disqualification appeal in the Supreme Court of the Virgin Islands.[41] The public records confirm Ms. Henneman's case in the local courts is proceeding.

### *Disqualified Attorney Caines files the same claim in this Court in January 2024.*

Ms. Henneman, through Attorney Caines, then turned around and sued Trustee Johnson in her individual capacity in the District Court of the Virgin Islands on January 22, 2024 instead of retaining a different, non-conflicted lawyer to amend her complaint in the existing Superior Court case.[42] Attorney Caines again alleged breach of contract, conversion, fraud, negligent misrepresentation, and unjust enrichment.[43] Ms. Henneman's claims match her Superior Court claims except for fraudulent misrepresentation, which she omitted in her federal Complaint:

| Claim | Superior Court Complaint | Federal Complaint |
|---|---|---|
| Breach of Contract | Mrs. Johnson agreed Ms. Henneman would move into the "B" half of the condominium property.<br><br>Ms. Henneman agreed to move in and take care of her grandmother.<br><br>Termites, mold, mildew in the "B" half.<br><br>The parties agreed renovations were needed.<br><br>Ms. Henneman removed all furniture, removed all internal sheetrock, resurfaced porch tiles, renovated three bathrooms, and replaced all existing electrical.<br><br>Ms. Henneman paid for the renovation.<br><br>Mrs. Johnson did not allow Ms. Henneman to continue living in the house. | Mrs. Johnson agreed Ms. Henneman would move into the "B" half of the condominium property.<br><br>Ms. Henneman agreed to move in and take care of her grandmother.<br><br>Termites, mold, mildew in the "B" half.<br><br>The parties agreed renovations were needed.<br><br>Ms. Henneman removed all furniture, removed all internal sheetrock, resurfaced porch tiles, renovated three bathrooms, and replaced all existing electrical.<br><br>Ms. Henneman paid for the renovation.<br><br>Mrs. Johnson did not allow Ms. Henneman to continue living in the house.<br><br>Ms. Johnson did not reimburse Ms. Henneman. |
| Conversion | Hurricane Irma blew away a shed with Ms. Henneman's items. | Hurricane Irma blew away a shed with Ms. Henneman's items. |

| Claim | Superior Court Complaint | Federal Complaint |
|---|---|---|
| | Hurricane Irma damaged the area of the condominium property where Ms. Henneman stored her personal property. | Hurricane Irma damaged the area of the condominium property where Ms. Henneman stored her personal property. |
| | Insurance adjuster included Ms. Henneman's personal property claim. | Insurance adjuster included Ms. Henneman's personal property claim. |
| | | Mrs. Johnson knew the personal property did not belong to Mrs. O'Bryan. |
| | | Mrs. Johnson negotiated the insurance claim with the adjuster. |
| | Mrs. Johnson kept the insurance proceeds. | Mrs. Johnson kept the insurance proceeds. |
| Fraud | Mrs. Johnson made false statements of material fact. | Mrs. Johnson made false statements of material fact. |
| | Mrs. Johnson made misleading statements of material fact. | Mrs. Johnson made misleading statements of material fact. |
| | Mrs. Johnson omitted to state material facts. | Mrs. Johnson omitted to state material facts. |
| | Ms. Henneman did not know the statements were false. | Ms. Henneman did not know the statements were false. |
| | Mrs. Johnson knew or should have known in the exercise of reasonable care of her untruthful statements and omission of material facts. | Mrs. Johnson knew or should have known in the exercise of reasonable care of her untruthful statements and omission of material facts. |
| | Mrs. Johnson knew Ms. Henneman would act on the misrepresentations. | Mrs. Johnson knew Ms. Henneman would act on the misrepresentations. |
| | Ms. Henneman relied on Mrs. Johnson's representations. | Ms. Henneman acted on Mrs. Johnson's representations. |
| Negligent Misrepresentation | Trustee Johnson gave Ms. Henneman false information about moving in with Mrs. O'Bryan, renovating the house, and being able to continue living in the house. | Trustee Johnson gave Ms. Henneman false information about moving in with Mrs. O'Bryan, renovating the house, and being able to continue living in the house. |
| | Trustee Johnson gave Ms. Henneman information in a transaction in which Mrs. Johnson had a pecuniary interest. | Trustee Johnson gave Ms. Henneman information in a transaction in which Trustee Johnson had a vested interest. |
| | Trustee Johnson's information guided Ms. Henneman. | Ms. Henneman retained contractors to work on the condominium properties. |

7

| Claim | Superior Court Complaint | Federal Complaint |
|---|---|---|
| | Ms. Henneman suffered monetary loss when she relied on Trustee Johnson's promise.<br><br>Trustee Johnson did not exercise reasonable care or competence when communicating with Ms. Henneman. | Trustee Johnson intended her representations to induce Ms. Henneman to renovate the properties.<br><br>Trustee Johnson caused Ms. Henneman to suffer public humiliation. |
| Unjust Enrichment | Trustee Johnson received benefits from Ms. Henneman.<br><br>Ms. Henneman conferred benefits to Trustee Johnson at Trustee Johnson's request.<br><br>Ms. Henneman conferred benefits through fraud to Trustee Johnson.<br><br>Trustee Johnson retained all benefits given to her by Ms. Henneman. | Trustee Johnson received benefits from Ms. Henneman.<br><br>Ms. Henneman conferred benefits to Trustee Johnson at Trustee Johnson's request.<br><br>Ms. Henneman conferred benefits through fraud to Trustee Johnson.<br><br>Ms. Henneman saved Trustee Johnson significant expenses.<br><br>Trustee Johnson retained all benefits given to her by Ms. Henneman.<br><br>Ms. Henneman cared for her grandmother from 2014 to 2019.<br><br>Ms. Henneman paid for materials and repairs.<br><br>Trustee Johnson did not reimburse Ms. Henneman. |
| Prayer for Relief | Judgement against defendant for compensatory damages in an amount to be proven at trial.<br><br>Restitution.<br><br>Statutory interest.<br><br>Costs and legal fees.<br><br>Such other relief as the court deems just and proper.<br><br>Jury trial. | Judgement against defendant for compensatory damages in an amount to be proven at trial.<br><br>Restitution.<br><br>Statutory interest.<br><br>Costs and legal fees.<br><br>Such other relief as the court deems just and proper.<br><br>Jury trial. |

## II. Analysis

Trustee Johnson moved to dismiss her niece Ms. Henneman's claims including describing the first filed case in the Superior Court of the Virgin Islands and Attorney Caines's disqualification and appeal.[44] The Chief Judge reassigned the case to our docket last month. We studied Trustee Johnson's motion to dismiss and the public records for the local case involving the same claims. We ordered Ms. Henneman to show cause why we should not dismiss her second facially identical case under the Supreme Court's guidance in *Colorado River Water Conservation District. v. United States* and subsequent case law.[45]

We balance a variety of concerns caused by disqualified Attorney Caines filing a Virgin Islands and federal complaint with the same facts and pleaded agreement between Ms. Henneman and her aunt Trustee Johnson, both of which seek the same relief.

"The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action."[46] "The Supreme Court, however, has elucidated several narrow exceptions to this rule, including the *Colorado River* doctrine."[47] We may raise Colorado River abstention *sua sponte*.[48]

Our Supreme Court directed almost fifty years ago in *Colorado River* a federal court may abstain from hearing a case concurrently proceeding in state court and outlined a test to identify the exceptional circumstances warranting abstention.[49] We first analyze whether the two cases are parallel.[50] If so, we then consider whether "exceptional circumstances" exist after evaluating: (1) the assertion of jurisdiction by either court over property involved; (2) the inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) which court obtained jurisdiction first; (5)

the forum with the substantive law governing the merits; and (6) the adequacy of the state forum to protect the parties' rights.[51]

Attorney Caines argues we should not abstain because the cases are not parallel, noting he sued Trustee Johnson as a trustee-defendant in Superior Court and as an individual defendant here.[52] And Attorney Caines then jumps to conclude "the Superior Court ruled that Ms. Henneman is prohibited from amending her complaint to add Ms. [sic] Johnson individually as a party."[53] We now know this is a misrepresentation.

Attorney Caines also addresses the *Colorado River* factors. He argues the property factor supports our jurisdiction because no court has assumed jurisdiction over the trust property.[54] Attorney Caines argues the forum inconvenience factor supports retaining jurisdiction because neither forum is inconvenient even though he first filed (and can still amend) in local court.[55] Attorney Caines argues the piecemeal litigation factor supports retaining jurisdiction because no piecemeal litigation will occur once judgment is entered in one forum and res judicata applies.[56] Attorney Caines concedes the Superior Court first obtaining jurisdiction supports abstention.[57] Attorney Caines also concedes the application of Virgin Islands law supports abstention.[58] Attorney Caines argues the adequate protection of interests factor is neutral because it is only relevant when the state forum is inadequate.[59]

We found three main differences between Ms. Henneman's two complaints: (1) Ms. Henneman sued Trustee Johnson as trustee in the Superior Court of the Virgin Islands but individually in federal court (though she could presumably still make this amendment in local court with another lawyer), (2) Ms. Henneman did not plead fraudulent misrepresentation in federal court, and (3) Ms. Henneman refers to herself as Mrs. Henneman Todman in her Virgin

10

Islands complaint. We find these differences do not warrant two lawsuits on the same facts with the same persons seeking the same relief.

Attorney Caines argues three factors support our retaining jurisdiction, two factors support our abstention, and one factor is neutral.[60] His argument is unpersuasive. We decline to retain jurisdiction.

### A. Ms. Henneman's two cases are parallel.

The first step under *Colorado River* abstention is to determine whether Ms. Henneman's ongoing 2019 case is parallel to the case she filed here in January 2024.[61] Cases are parallel when they are substantially identical.[62]

We begin with Judge Suddaby's analysis of a trustee dispute last year in *Clemente v. Clemente*.[63] There, a man and his wife first sued his brother in his capacity as trustee in New York Surrogate's Court. The man and his wife then sued his brother in the brother's capacity as trustee of their mother's trust and in his individual capacity, along with one of his sisters individually, in federal court.[64] The man and his wife sued for damages and to void the transfer the family home to the mother's trust after they cared for the man's parents for roughly ten years without compensation.[65] Defendants moved to dismiss in federal court arguing Judge Suddaby should abstain under *Colorado River*.[66] Judge Suddaby found the cases parallel even though the Surrogate's Court case was not identical. The parties matched even if their capacities varied and, "crucially, the gravamen of this case—[the man and his wife's] allegedly unpaid services to [his] parents—is also at issue in Surrogate's Court."[67]

And we distinguish the facts reviewed by Judge Torres four years ago in *Catano v. Capuano*, where a man split his estate between his partner and his adult daughter, leaving out his ex-wife.[68] The ex-wife and her nephew allegedly conspired to illegally sell a real estate asset

owned by the man.[69] They followed through with their plan and concealed the sale and transfers from the probate court.[70] The man's partner sued the ex-wife in state probate court before suing in federal court.[71] The ex-wife and her nephew moved to dismiss under *Colorado River*.[72] Judge Torres found the cases not parallel because the partner made different claims in the two cases.[73] The partner sued the ex-wife in her official capacity representing the estate for "malfeasance in obtaining and executing her position."[74] She also sued in federal court for the ex-wife's individual participation in a conspiracy to strip the decedent's estate of assets.[75] But the ex-wife's different capacities alone did not render the cases not parallel. The two suits alleged distinct claims. Judge Torres denied the ex-wife and her nephew's motion to dismiss under *Colorado River*.[76]

Like in *Clemente*, Ms. Henneman sues Trustee Johnson in different capacities but with the same claims and issues. Also like in *Clemente*, the main issue is Trustee Johnson not paying or reimbursing Ms. Henneman for taking care of Mrs. O'Bryan, and expenses flowing from Trustee Johnson's broken promise.[77] Unlike in *Catano*, Ms. Henneman's claims in the two cases are nearly identical.

We studied and compared the complaints. The two complaints are nearly identical. Ms. Henneman substituted references to Mrs. O'Bryan's trust with references to Trustee Johnson individually to create her federal complaint. Ms. Henneman's federal complaint jumps from "fourth cause of action" to "sixth cause of action" suggesting she did not update the numbering when she removed her fraudulent misrepresentation claim which would have been the "fifth cause of action."[78] Ms. Henneman's requests for damages are verbatim.[79]

We are also not persuaded by an argument Ms. Henneman cannot bring her claim in local court. Attorney Caines misrepresented the public record on Ms. Henneman's ability to file an amended complaint in the first filed case. Judge Tejo denied the motion to amend in June 2022

after disqualifying Attorney Caines.[80] Judge Tejo found granting the motion to amend "inappropriate" given the lawyer filing the motion is disqualified from representation.[81] There appears to be no reason Ms. Henneman cannot now move to amend with a lawyer not disqualified. The cases are parallel because the complaints are nearly identical, concern the same parties, and assert the same prayers for relief.

### B. We abstain after balancing *Colorado River* factors.

The Supreme Court and our Court of Appeals requires we now weigh six factors to determine if abstention is proper: (1) which court first assumed jurisdiction over property involved, if any; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal or state law applies and (6) whether the state court will adequately protect the federal plaintiff's interests.[82] No one factor is dispositive.[83]

We are guided by our Court of Appeals's analysis in *BIL Management Corporation v. New Jersey Economic Development Authority* where a developer sued a regulatory agency in state court seeking specific performance, damages for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment.[84] The developer then sued the regulatory agency again in federal court with a "nearly identical complaint" eight months later.[85] Judge Hillman granted the regulatory agency's motion to dismiss under *Colorado River* and the developer appealed.[86] Our Court of Appeals: (1) agreed with Judge….the presence of an *in rem* dispute weighed in favor of abstention; (2) agreed the forum factor is neutral because both fora are convenient; (3) found the avoiding piecemeal litigation factor did not weigh in favor of abstention because "judicial efficiency alone cannot support abstention" and there is no strongly articulated congressional policy against piecemeal litigation relevant to this case; (4) agreed the order in which the courts

13

obtained jurisdiction supported abstention because the parties conducted discovery in the state case; (5) agreed the application of state law supported abstention; and (6) agreed the state court can adequately protect the developer's interests.[87] Our Court of Appeals affirmed finding the factors favored abstention but a stay was more appropriate.[88]

We are also guided by our Court of Appeals's analysis earlier this year in *Swatt v. Hawbaker* where a woman sued a lawyer and her firm for mismanaging the wills of her family members.[89] Chief Judge Brann dismissed some of the woman's claims under the probate exception to diversity jurisdiction and stayed the rest pending the resolution of a parallel state case.[90] Our Court of Appeals held the federal and state actions were parallel because they involved the same facts, claims, parties, and language "copied word-for-word."[91] Our Court of Appeals: (1) agreed the property factor should receive little weight because the probate exception prohibits the district court from exercising jurisdiction over estate property; (2) agreed the forum factor is neutral; (3) agreed the probate exception acted as strongly articulated congressional policy against piecemeal litigation; (4) agreed the order in which the courts obtained jurisdiction supported abstention because discovery and motion practice occurred in the state case; (5) agreed the application of "purely state-law" favors abstention; and (6) determined the ability of the state court to adequately protect the interests of the parties neutral because it saw no indication of inadequacy in the state court.[92] Our Court of Appeals affirmed Chief Judge Brann finding the factors favored abstaining.[93]

Applying the same reasoning offered by our Court of Appeals in *Swatt* we find three factors are neutral and three factors strongly favor abstention. There is no real property at issue—only money damages—so this factor is neutral. The forum factor is also neutral: neither forum is more convenient to Ms. Henneman because both are in the Virgin Islands. Ms. Henneman and her St. Thomas lawyer chose to sue in local court five years ago. There is no "strongly articulated

congressional policy against piecemeal litigation" for the local contract and tort claims Ms. Henneman seeks to duplicate here. This factor is neutral.

The remaining three factors strongly favor abstention. The Virgin Islands case is much further along. The parties are addressing a motion to dismiss in this 2024 case. Ms. Henneman has been seeking the same remedy in local court since 2019 although she is presently causing a delay in that case by appealing to reinstate her counsel before the Virgin Islands Supreme Court. We find the order in which courts obtained jurisdiction factor strongly favors abstention. The fact we must apply Virgin Islands law to Ms. Henneman's claims also supports abstention. Finally, Ms. Henneman seeks identical relief on the same claims. Ms. Henneman's counsel Attorney Caines created a delay in local court but he continues to litigate his disqualification. The local courts dismissed Ms. Henneman's claims for failure to prosecute but she moved to vacate the order. Ms. Henneman may still be able to proceed against her aunt in her individual capacity in the local courts. The Superior Court of the Virgin Islands will sufficiently protect her interests. This factor supports abstention.

Three factors (property, inconvenience, and avoiding piecemeal litigation) are neutral. Three factors (the order in which the courts obtained jurisdiction, whether Virgin Islands law applies, and whether the Virgin Islands court will sufficiently protect Ms. Henneman's interests) support abstention. We find, on balance, the factors support our abstention.

**C. We dismiss rather than stay this duplicative federal case.**

We dismiss Ms. Henneman's federal claim. Unlike in *BIL Management*, Ms. Henneman pleads the exact same requested relief. Our Court of Appeals issued a stay in *BIL Management* because the developer asked for different relief in his state and federal complaints.[94] Ms. Henneman is not prejudiced. She continues to pursue the same remedy with a disqualified lawyer.

She would presumably have the same problem with a disqualified lawyer here. This federal court cannot offer more relief than Ms. Henneman can obtain in her long-pending case in the Superior Court. We exercise our discretion to dismiss as there is no prejudice to Ms. Henneman.

### III. Conclusion

We dismiss Ms. Henneman's duplicative case after applying the abstention factors without prejudice. Ms. Henneman filed substantially identical cases in two fora. There is no relief afforded in federal court which she cannot accomplish in local court.

---

[1] ECF 10 ¶ 2.

[2] *Id.* ¶¶ 3–5.

[3] *Id.* ¶ 6.

[4] ECF 1 ¶ 5; ECF 10 ¶ 7.

[5] ECF 1 ¶¶ 4–10.

[6] *Id.* ¶¶ 8–14.

[7] *Id.* ¶ 14.

[8] *Id.* ¶¶ 11, 49.

[9] *Id.* ¶ 6.

[10] *Id.* ¶¶ 15–17.

[11] *Id.* ¶ 18.

[12] ECF 12 at 9–10.

[13] ECF 1 ¶¶ 20–31.

[14] *Id.* ¶¶ 9, 29–31.

[15] *Id.* ¶ 66.

[16] *Id.* ¶ 39.

[17] *Id.* ¶¶ 31–36.

[18] *Id.* ¶ 82.

[19] *Id.* ¶ 83.

[20] *Id.* ¶¶ 68, 70.

[21] *Id.* ¶¶ 33–36.

[22] *Id.*

[23] *Id.* ¶ 91.

[24] *Id.* ¶¶ 93–95.

[25] *Id.* ¶¶ 37, 126.

[26] *Id.* ¶ 38; ECF 10 ¶ 17.

[27] We look to the public record including the June 9, 2022 Memorandum and Opinion of the Honorable Sigrid M. Tejo of the Superior Court of the Virgin Islands. *See Henneman Todman v. O'Bryan Johnson, et al.*, No. ST-19-CV-583, slip op. at 3 (V.I. June 9, 2022).

[28] *See generally id.*

[29] *See generally* Memorandum of Law, *Henneman Todman v. O'Bryan Johnson, et al.*, No. ST-19-CV-583 (V.I. Dec. 21, 2021).

[30] *Id.* at 1.

[31] *Id.*

[32] *Id.* at 1–2.

[33] *Id.* at 2.

[34] *Id.*

[35] *Henneman Todman*, slip op. at 6–9.

[36] Order Denying Motion to Amend, *Henneman Todman*, No. ST-19-CV-583 (V.I. June 9, 2022).

[37] Brief of Appellee, *Henneman-Todman v. Johnson*, No. 2022-38 (V.I. July 11, 2022).

[38] *Case View SCT-Civ-2022-0038*, JUDICIARY OF THE U.S. VIRGIN ISLANDS – C-TRACK PUBLIC ACCESS, https://usvipublicaccess.vicourts.org/case/summary/da2a4fe0aa29a9538ec2a0c116362ed0c1ee54cc192ffc02381f9c7b5c2cc816 (last visited October 21, 2024).

[39] *Id.*

[40] *Id.*

[41] Case View ST-2019-CV-00583, JUDICIARY OF THE U.S. VIRGIN ISLANDS – C-TRACK PUBLIC ACCESS, https://usvipublicaccess.vicourts.org/case/summary/5ebdb47786930b6b1a01789b9d681cb6b516034499bf9600d1f966dac5aeddc9 (last visited October 21, 2024).

[42] The Chief Judge reassigned the Virgin Islands District Court case to our docket last month.

[43] ECF 1.

[44] ECF 10 ¶¶ 19–24. Mrs. Johnson cited the 2019 filing of the local case to support her statute of limitations argument seeking to dismiss the same tort claims filed in January 2024. *Id.* 6–8.

[45] 424 U.S. 800, 804–05 (1976).

[46] *Francis v. Bridgestone Corp.*, No. 2010/30, 2011 WL 2710009, at *1 (D.V.I. July 12, 2011). (quoting *Spring City Corp. v. American Bldgs. Co.,* 193 F.3d 165, 172 (3d Cir.1999)).

[47] *Id.* at *2.

[48] *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Trent v. Dial Med. Of Fla., Inc.*, 33 F.3d 217 (3d Cir. 1994).

[49] *Colo. River*, 424 U.S. at 806, 818.

[50] *BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.*, 310 F. App'x 490, 491 (3d Cir. 2008) ("First, the district court must decide whether the actions are parallel."); *Gordon v. E. Goshen Twp.*, 592 F. Supp. 2d 828, 843 (E.D. Pa. 2009) ("Before applying these six factors, the Court must consider a threshold question whether the two actions are parallel proceedings—that is, whether the federal action presents the same parties and the same issues as are presented in the state-court proceeding.").

[51] *Gordon*, 592 F. Supp. 2d at 843 (citing *McMurray v. De Vink*, 27 Fed. App'x 88, 91 (3d Cir. 2002); *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997)).

[52] ECF 16 at 3.

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* at 4.

[58] *Id.*

[59] *Id.* at 4–5.

[60] *Id.* at 5.

[61] *BIL Mgmt.*, 310 F. App'x at 491.

[62] *Swatt v. Hawbaker*, No. 22-2940, 2024 WL 361314, at *2 (3d Cir. Jan. 31, 2024).

[63] No. 21-1051, 2023 WL 2139809 (N.D.N.Y. Feb. 21, 2023).

[64] *Id.* at *1–2.

[65] *Id.*

[66] *Id.* at *2.

[67] *Id.* at *4. Judge Suddaby then determined the six Colorado River factors supported abstention and dismissed without prejudice. *Id.* at *5.

[68] *Catano v. Capuano*, No. 18-20223, 2020 WL 639406, at *1 (S.D. Fla. Feb. 11, 2020).

[69] *Id.*

[70] *Id.* at *1–2.

[71] *Id.* at *15.

[72] *Id.* at *14–15.

[73] *Id.* at *15.

[74] *Id.*

[75] *Id.*

[76] *Id.* at *16.

[77] ECF 1.

[78] ECF 1 at 9-10.

[79] ECF 1 at 11.

[80] Order Denying Motion to Amend, *Henneman Todman*, No. ST-19-CV-583 (V.I. June 9, 2022).

[81] *Id.*

[82] *Swatt*, 2024 WL 361314, at *2.

[83] *Id.*

[84] *BIL Mgmt.*, 310 F. App'x at 491.

[85] *Id.*

[86] *Id.*

[87] *Id.* at 491–93.

[88] *Id.* at 493.

[89] *Swatt*, 2024 WL 361314, at *1.

[90] *Id.*

[91] *Id.* at *2.

[92] *Id.* at *2–4.

[93] *Id.* at *4.

[94] *BIL Mgmt.*, 310 F. App'x at 493.